**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


JOSHUA PAUL HOLT,

                    Petitioner,                    Case Number: 2:18-CV-10562
                                               HON. ARTHUR J. TARNOW

v.

UNITED STATES OF AMERICA and
JOHNATHON LEBO,

                    Respondent.
_____/


### OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

#### I.  Introduction

Joshua Paul Holt has filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  Holt is incarcerated at the West Tennessee State Prison in Henning,

Tennessee.  His petition challenges conditions of his confinement.  He alleges that he is

being tortured daily "by a device in [his] ear shocking [his] brain and cranium, body,

genitals, torturing [him] with audio and thought racing torture tactics."  Pet. at 5.  He

claims not to have received due process before this torture commenced.

Promptly after the filing of a habeas petition, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If,

after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). *See also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition is legally insufficient on its face. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

## II. Discussion

Petitioner alleges that he is being tortured while incarcerated. He claims that he receives daily shocks to various parts of his body through a device implanted in his ear.

"[F]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). Habeas corpus petitions allow for challenges "to the validity of any confinement or to particulars affecting its duration." *Id.* "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, . . .fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Controlling Supreme Court and Sixth Circuit authority holds that a prisoner may not challenge the conditions of confinement under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that a petition for habeas corpus is a means for challenging the fact or length of a prisoner's confinement). Because, "[i]t is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983," the Court will summarily dismiss the petition.[1] *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003), citing *Preiser*, 411 U.S. at 498-99.

### III. Certificate of Appealability and Proceeding *In Forma Pauperis*

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the

---

[1] If Petitioner chooses to challenge the conditions of his confinement in a separate action under 42 U.S.C. § 1983, the Court notes that the proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b).

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find the holding that Petitioner challenges a condition of his confinement rather than the fact of his confinement to be debatable or wrong. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.  Conclusion

For the reasons set forth above, the petition presents claims not properly raised in a habeas corpus petition.

Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Court DENIES a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  March 16, 2018

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 16, 2018, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant